## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| LOCAL 705 INTERNATIONAL BROTHERHOOD OF TEAMSTERS PENSION FUND, *et al.,* | ) ) ) ) | CIVIL ACTION NO. 17 C 3117 |
| Plaintiffs, | ) ) | JUDGE EDMOND E. CHANG |
| v. | ) ) ) | MAGISTRATE YOUNG B. KIM |
| GRADEI'S EXPRESS CO., INC., an Illinois Corporation, | ) ) ) | |
| Defendant. | ) ) ) | |

## DEFENDANT GRADEI'S EXPRESS CO., INC'S
## ANSWER TO PLAINTIFFS' COMPLAINT

Defendant, GRADEI'S EXPRESS CO., INC., an Illinois Corporation (the "Defendant"), by and through its attorneys, Franczek Radelet P.C., hereby submits its Answer to the Complaint filed by LOCAL 705 INTERNATIONAL BROTHERHOOD OF TEAMSTERS PENSION FUND, *et al.,* (the "Plaintiffs'") as follows:

1. This action arises under the laws of the United States and is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1132, 1145 (hereinafter referred to as "ERISA"), and the Labor Management Relations Act, 29 U.S.C. §186. Jurisdiction is based upon the existence of questions arising thereunder, as hereinafter more fully appears.

**ANSWER:** Defendant admits Plaintiffs purport to bring this action under ERISA and the LMRA and that this court would have jurisdiction over said action, but denies said action is meritorious.

2. Plaintiffs bring this action in their capacity as Trustees of LOCAL 705 INTERNATIONAL BROTHERHOOD OF TEAMSTERS PENSION FUND and LOCAL 705 INTERNATIONAL BROTHERHOOD OF TEAMSTERS-HEALTH & WELFARE FUND, which are "employee pension benefit plans," "employee welfare benefit plans," and/or "plans," within the meaning of ERISA, the individual Plaintiffs being the now-acting fiduciaries thereof, administering said Funds within this District and Division.

**ANSWER:** Defendant lacks sufficient knowledge and information to admit or deny the allegations as to the Funds' qualifications under ERISA and whether Local 705 is a fiduciary and what authority it has been given. Upon information and belief Defendant admits the Funds have offices, conduct business, and administer the plans within this judicial district. Defendant denies all remaining allegations contained in this paragraph.

3. Defendant is an "Employer" within the meaning of ERISA, which is obligated to make fringe benefit contributions to Plaintiffs under the terms of the Agreements and Declarations of Trust pursuant to which Plaintiff Funds are maintained and pursuant to the terms of a collective bargaining agreement between Defendant and Teamsters Local 705.

**ANSWER:** Defendant admits that it is an "Employer" within the meaning or ERISA and is a party to the collective bargaining agreement with the Teamsters Local 705 and admits that it is obligated to make benefit contributions to Plaintiff Funds and that the Plaintiff Funds are maintained pursuant to the collective bargaining agreement. The Defendant denies all remaining allegations contained in this paragraph.

4. As an Employer obligated to make fringe benefit contributions to Plaintiffs under the collective bargaining agreement and Agreements and Declarations of Trust, Defendant is specifically required to do the following:

(a) To submit to Plaintiffs for each month a report stating the names, current addresses, social security numbers, and total number of hours worked in such month by each and every person on whose behalf contributions are required to be made by Defendant to Plaintiffs; or, if no such persons are employed for a given month, to submit a report so stating;

(b) To accompany the aforesaid reports with payment of contributions in the amount required by the collective bargaining agreement or participation agreement, due by the 10th day of the month following the month in which the work was performed;

(c) To furnish to the Trustees, if requested, a statement showing (1) whether the organization is a corporation and, if so, the names of all of its officers; or (b) if not a corporation, a certificate stating that it is either a partnership or an individual proprietorship and the names of the partners or the name of the individual proprietor.

(d) To make all of its payroll books and records available to Plaintiffs for the purpose of auditing same, to verify the accuracy of Defendant's past reporting upon request made by Plaintiffs;

(e) To compensate Plaintiffs for the additional administrative costs and burdens imposed by untimely payment of contributions by payment of liquidated damages, in an amount to be fixed by the Trustees;

(f) To deposit with the Trustees an advance payment guarantee as a condition of such Employer's participation, to be continuously maintained by such Employer, as a guarantee for the payment of monthly contributions and in an amount to be determined by the Trustees;

(g) To pay any and all costs incurred by Plaintiffs in auditing Defendant's payroll records, should it be determined that Defendant was delinquent in the reporting or submission of all contributions required of it to be made to Plaintiffs;

(h) To pay Plaintiffs' reasonable attorneys' fees and costs necessarily incurred in any action to require Defendant to submit its payroll books and records for audit or to recover delinquent contributions, liquidated damages or interest;

(i) To pay interest at the rate of eight (8%) percent per annum on the moneys due to the Trustees from the date when the payment was due to the date when the payment is made, together with all expenses of collection incurred by the Trustees, including, but not limited to, attorneys' fees and such fees for late payment as the Trustees determine and as permitted by law.

**ANSWER:** Defendant admits the Funds' respective agreements contain certain contribution and reporting obligations for employees covered by those documents and that contributions not submitted in a timely fashion may be assessed liquidated damages and/or interest.

5. Defendant is delinquent and has breached its obligations to Plaintiff Funds in that it has failed and refused to provide Plaintiffs' auditors with all records necessary to perform a full and complete review to verify the accuracy of its past reports and to determine what additional amounts, if any, may be due the Plaintiff Funds.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

6. Plaintiffs' auditors have requested payroll and other records of individuals seen driving trucks owned by Defendant, which is work under the collective bargaining agreement for which contributions are due Plaintiff, to evaluate whether Defendant has properly paid all contributions due Plaintiffs or otherwise determine if any contributions or damages are due Plaintiffs pursuant to Defendant's collective bargaining agreement.

**ANSWER:** Defendant admits that the auditors requested payroll and other records of individuals allegedly seen driving trucks owned by Defendant. Defendant lacks sufficient information or knowledge to admit or deny the reasons for the auditor's requests. Further answering, Defendant states that it has fulfilled any obligations it may have had to the Funds in providing documents to the auditors.

7. On information and belief, throughout the audit period, trucks bearing the name "Gradei's Express" have been driven by individuals without Defendant remitting contributions to Plaintiffs on their behalf.

**ANSWER:** Defendant lacks sufficient information or knowledge to admit what Plaintiff believes. Further answering, Defendant has been cooperative with the auditor in providing all requested records.

8. In recent years, the only individuals on whose behalf Defendant has reported and paid contributions to Plaintiffs are its owners, Anthony Pitello and Pat Pitello.

**ANSWER:** Defendant admits that it has reported and paid contributions to Plaintiffs for the owners, Anthony Pitello and Pat Pitello during the audit years of 2014-2016

9. On information and belief, Defendant continues to perform work covered by its collective bargaining agreement using individuals who are either designated as independent contractors, employed by related entities, paid in cash or who were otherwise not included in records made available by Defendant to Plaintiffs auditors.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

10. On information and belief, Defendant has not reported and paid contributions or other amounts due Plaintiffs for work performed by individuals who are either designated as independent contractors, employed by related entities, paid in cash or who were otherwise not included in records made available by Defendant to Plaintiffs auditors.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

11. Plaintiffs have requested that Defendant perform its obligations as aforesaid, but Defendant has failed and refused to so perform.

**ANSWER:** Defendant admits that the Plaintiff has requested that Defendant perform its obligations. Defendant states that it has provided the requested information to Plaintiff's auditor.

12. Defendant's continuing refusal and failure to perform its obligations to Plaintiffs is causing and will continue to cause irreparable injuries to Plaintiffs for which Plaintiffs have no adequate remedy at law.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

WHEREFORE, Plaintiffs pray:

(A) That a full and complete account be taken as to all employees of Defendant and related entities covered by the collective bargaining agreement to determine the accuracy of Defendant's past reporting to the Funds for the period of January 1, 2014 to the present;

(B) That Judgment be entered in favor of Plaintiffs and against Defendant for all unpaid contributions, liquidated damages, and interest, or the equivalent thereof, plus any costs of auditing Defendant's records, and Plaintiffs' reasonable attorneys' fees and Court costs incurred in efforts to complete the audit and collect all amounts due;

(C) That Plaintiffs have such further relief as may be deemed just and equitable by the Court, all at Defendant's cost.

**ANSWER:** Defendant denies Plaintiffs are entitled to any of the relief requested.

Respectfully submitted,

GRADEI'S EXPRESS CO., INC., an Illinois Corporation

By: \s\ Melissa D. Sobota
    One of Its Attorneys

Melissa D. Sobota
mds@franczek.com
Daniel R. Salemi
drs@franczek.com
Franczek Radelet P.C.
300 S. Wacker Drive, Suite 3400
Chicago, IL 60606
Office: (312) 986-0300
Fax: (312) 986-9121

1915203.1

## CERTIFICATE OF SERVICE

The undersigned, an attorney of record, hereby certifies that she caused a true and correct copy of the foregoing **DEFENDANT GRADEI'S EXPRESS CO., INC'S ANSWER TO PLAINTIFFS' COMPLAINT** to be filed with the Clerk of Court using the CM/ECF system, which will send notification to the following counsel of record this 10th day of August, 2017:

> Patrick N. Ryan
> Stephen J. Rosenblat
> Baum Sigman Auerbach & Neuman, Ltd.
> 200 West Adams Street, Suite 2200
> Chicago, IL 60606-5231
> E-Mail: pryan@baumsigman.com
> E-Mail: srosenblat@baumsigman.com

By: \s\ Melissa D. Sobota

1915203.1